## (February 7, 1984)

■ DIANN PRIZEMAN, Respondent, v NASSAU INSURANCE COMPANY, Appellant. — Judgment, Supreme Court, New York County (Andrew Tyler, J.),

entered on June 17, 1983, affirmed. Petitioner-respondent shall recover of respondent-appellant $75 costs and disbursements of this appeal. The appeal from the order of said court entered on June 13, 1983, is dismissed as having been subsumed in the appeal from the judgment, without costs and without disbursements. Concur — Fein, Milonas and Alexander, JJ.

Sandler, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would reduce the judgment to $225,000, plus interest and costs. There is no reason to believe that when this court directed a new trial unless petitioner stipulates to a reduction of the verdict to $250,000 it misspoke itself, that it really meant a reduction of the judgment. (*Prizeman v Speckman,* 92 AD2d 796.) Further, the usual practice of this court in considering whether a verdict is excessive is to compare the verdict on the one hand with plaintiff's injuries and damage on the other, and to fix as a figure the highest amount which this court will allow to stand as the jury's assessment of plaintiff's injuries. The deduction mandated by CPLR 4533-b and section 15-108 of the General Obligations Law with respect to the $25,000 recovered from a joint tort-feasor would then automatically be applied to the amount of the reduced verdict, the reduced verdict being a substitute for "the award made by the jury." (CPLR 4533-b.)